U.S. v. Nycole Amaury Rosario Sánchez, 22-____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NYCOLE AMAURY ROSARIO SÁNCHEZ,<br>Defendant. | CRIMINAL NO. 22-235 (FAB) |



PLEA AGREEMENT

TO THE HONORABLE COURT:

The United States of America, Defendant, Nycole Amaury Rosario Sánchez, and Defendant's counsel, Laura Maldonado Rodríguez, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **Charges to which Defendant will Plead Guilty**

Defendant agrees to plead guilty to Counts One through Six of the Information:

COUNT ONE
Interference with Commerce by Robbery
(18 U.S.C. § 1951)

On or about January 4, 2018, in the District of Puerto Rico and within the jurisdiction of this Court,

NYCOLE AMAURY ROSARIO SÁNCHEZ,

the defendant herein, aiding and abetting and being aided and abetted by others, did unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect

commerce, as that term is defined in 18 U.S.C. § 1951, and the movements of articles and commodities in such commerce, by robbery, as that term is defined in 18 U.S.C. § 1951, in that the defendant, did unlawfully take and obtain property from Pizzeria de Fernan, consisting of U.S. currency, from and in the presence of the victim, against his will by means of actual and threatened force, violence, and fear of injury, immediate and future to his person, in violation of 18 U.S.C. §§ 1951 and 2.

COUNT TWO
Interference with Commerce by Robbery
(18 U.S.C. § 1951)

On or about January 11, 2018, in the District of Puerto Rico and within the jurisdiction of this Court,

NYCOLE AMAURY ROSARIO SÁNCHEZ,

the defendant herein, aiding and abetting and being aided and abetted by others, did unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect commerce, as that term is defined in 18 U.S.C. § 1951, and the movements of articles and commodities in such commerce, by robbery, as that term is defined in 18 U.S.C. § 1951, in that the defendant, did unlawfully take and obtain property from El Invader business, consisting of U.S. currency, from and in the presence of the victim, against his will by means of actual and threatened force, violence, and fear of injury, immediate and future to his person, in violation of 18 U.S.C. §§ 1951 and 2.

## COUNT THREE
Carjacking
(18 U.S.C. § 2119(3))

On or about January 13, 2018, in the District of Puerto Rico and within the jurisdiction of this Court,

### NYCOLE AMAURY ROSARIO SÁNCHEZ,

the defendant herein, aiding and abetting and being aided and abetted by others, took a motor vehicle, a red and white all-terrain KTM 450 motorcycle with an unknown license plate, that had been transported, shipped, and received in interstate and foreign commerce, from and in the presence of A.A.T. by force, violence, and intimidation, with the intent to cause death and serious bodily harm, resulting in the death of A.A.T., in violation of 18 U.S.C. §§ 2119(3) and 2.

## COUNT FOUR
Use and Carry of a Firearm During a Crime of Violence Causing Murder
(18 U.S.C. § 924(j)(1))

On or about January 13, 2018, in the District of Puerto Rico and within the jurisdiction of this Court,

### NYCOLE AMAURY ROSARIO SÁNCHEZ,

the defendant herein, aiding and abetting and being aided and abetted by others, did knowingly use and carry a firearm with an unknown serial number, during and in relation to a crime of violence for which he may be prosecuted in a Court of the United States, namely, a violation of 18 U.S.C. §§ 2119(3) and 2, as charged in Count Three [handwritten correction from "One"], and in the course of that crime did cause the death of A.A.T., through the use of a

firearm, which killing is a murder as defined in 18 U.S.C. § 1111, all in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(j)(1).

## COUNT FIVE
Interference with Commerce by Robbery
(18 U.S.C. § 1951)

On or about January 14, 2018, in the District of Puerto Rico and within the jurisdiction of this Court,

### NYCOLE AMAURY ROSARIO SÁNCHEZ,

the defendant herein, aiding and abetting and being aided and abetted by others, did unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect commerce, as that term is defined in 18 U.S.C. § 1951, and the movements of articles and commodities in such commerce, by robbery, as that term is defined in 18 U.S.C. § 1951, in that the defendant, did unlawfully take and obtain property from Tripletas Mixtas Ruiz, consisting of U.S. currency, from and in the presence of R.R.R. and J.M.A., against their will by means of actual and threatened force, violence, and fear of injury, immediate and future to their person, in violation of 18 U.S.C. §§ 1951 and 2.

# COUNT SIX
## Carjacking
### (18 U.S.C. § 2119(3))

On or about January 14, 2018, in the District of Puerto Rico and within the jurisdiction of this Court,

NYCOLE AMAURY ROSARIO SÁNCHEZ,

the defendant herein, aiding and abetting and being aided and abetted by others, took a motor vehicle, a 2010 gray Toyota Tacoma, with license plate HNC-163 and VIN: JA4A53AX1AZ000270, that had been transported, shipped, and received in interstate and foreign commerce, from and in the presence of J.M.R. by force, violence, and intimidation, with the intent to cause death and serious bodily harm, resulting in the death of J.M.R., in violation of 18 U.S.C. §§ 2119(3) and 2.

## 2. Maximum Penalties

Counts Three & Six (18 U.S.C. § 2119(3)): The maximum statutory penalty for the offense charged in Counts Three and Six of the Information is a term of imprisonment of life pursuant to 18 U.S.C. § 2119(3); a fine not to exceed two hundred and fifty thousand dollars pursuant to 18 U.S.C. § 3571(b)(3); a special monetary assessment of one hundred dollars [for each count] pursuant to 18 U.S.C. § 3013(a)(2)(A); and a supervised release term of not more than five years, pursuant to 18 U.S.C. § 3583(b)(1).

Counts One, Two & Five (18 U.S.C. § 1951): The maximum statutory penalty for the offense charged in Counts One, Two and Five of the Information is a term of imprisonment of twenty years pursuant to 18 U.S.C. § 1951(a); a fine not to exceed

U.S. v. Nycole Amaury Rosario Sánchez, 22-_____

two hundred and fifty thousand dollars pursuant to 18 U.S.C. §3571(b)(3); a special monetary assessment of one hundred dollars *for each count* pursuant to 18 U.S.C. § 3013(a)(2)(A); and a supervised release term of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2).

Count Four (18 U.S.C. § 924(j)(1)): The maximum statutory penalty for the offense charged in Count Four of the Information, is a term of imprisonment of up to life, pursuant to 18 U.S.C. §924(j); a fine not to exceed two hundred and fifty thousand dollars, pursuant to 18 U.S.C. § 3571(b)(3); and a supervised release term of not more than five years, pursuant to 18 U.S.C. § 3583(b)(1). *Plus a special monetary assessment of $100.00*

### 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. § § 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

### 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

## 5. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim, and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

## 6. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

## 7. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

| SENTENCING GUIDELINES CALCULATIONS FOR ALL COUNTS 18 U.S.C. §§ 924(j)(1), 1951, 2119(3) | |
| --- | --- |
| Cross-reference for murder pursuant to U.S.S.G. §§ 2B3.1(c) & 2A1.1 | 43 |

U.S. v. Nycole Amaury Rosario Sánchez, 22-_____

| COMBINED OFFENSE LEVEL PURSUANT TO U.S.S.G. § 3D1.4 | |
|---|---|
| Offense level applicable to group with highest offense level | 43 |
| (1 unit apiece for all each count = <u>6 units</u>. Six units signifies adding five offense levels. | +5 |
| Acceptance of Responsibility: U.S.S.G. §3E1.1 | -3 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | **45** |
| C.H.C. I | C.H.C. II | C.H.C. III | C.H.C. IV | C.H.C. V | C.H.C. VI |
| Life | Life | Life | Life | Life | Life |

## 8. Sentence Recommendation

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a) and the Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012), the parties agree that they will request a range of imprisonment between 20 and 35 years. Defense counsel will request 20 years in prison. The Government will request 35 years in prison.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

## 9. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

10. **Waiver of Appeal**

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 420 months or less, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

11. **No Further Adjustments or Departures**

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

12. **Satisfaction with Counsel**

Defendant is satisfied with counsel, Laura Maldonado Rodríguez, Esq., and asserts that counsel has rendered effective legal assistance.

13. **Rights Surrendered by Defendant Through Guilty Plea**

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

### 14. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and

accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

15. **Limitations of Plea Agreement**

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

16. **Entirety of Plea Agreement**

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

17. **Amendments to Plea Agreement**

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

18. **Dismissal of Remaining Counts**

At sentencing should there be any pending counts and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Information pending against Defendant in this case.

### 19. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

### 20. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

### 21. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## 22. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

## 23. Waiver of Juvenile Transfer Hearing

Pursuant to 18 U.S.C. § 5032, Nycole Amaury Rosario Sánchez has requested upon advice of counsel to be proceeded against as an adult.

W. STEPHEN MULDROW
United States Attorney

_____
Timothy Henwood
Chief, Criminal Division
Dated: 3-27-22

_____
Laura Maldonado Rodríguez, Esq.
Counsel for Defendant
Dated: 5/27/2022

_____
Jonathan Gottfried
Assistant U.S. Attorney
Dated: 3/27/22

_____
Nycole Amaury Rosario Sánchez
Defendant
Dated: 5/27/2022

U.S. v. Nycole Amaury Rosario Sánchez, 22-\_\_\_\_\_

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 5/27/2022

Nycole Amaury Rosario Sánchez
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 5/27/2022

Laura Maldonado Rodríguez
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant Nycole Amaury Rosario Sánchez admits that he is guilty as charged in the Information and admits the following:

On January 4, 2018, Nycole Amaury Rosario Sánchez, aiding and abetting others and being aided and abetted by them, robbed money from a food business called Pizzeria de Fernan in Yabucoa, Puerto Rico. Rosario Sánchez stole money from the business by means of actual and threatened force, violence, and fear of injury against the employees. Rosario Sánchez brandished and discharged a firearm during the robbery, and one of the employees was shot in the abdomen but survived. After stealing money, Rosario Sánchez left the business and entered a car. As the car was leaving, Rosario Sánchez shot from the car at one of the pizzeria's clients, who was wounded. On January 4, 2018, Pizzeria de Fernan was engaged in a food business in interstate commerce and in an industry that affected interstate commerce.

On January 11, 2018, Nycole Amaury Rosario Sánchez, aiding and abetting others and being aided and abetted by them, robbed money from a food business called El Invader on Highway #1 in sector Quebrada Arena in San Juan, Puerto Rico. Rosario Sánchez stole money from the business by means of actual and threatened force, violence, and fear of injury against the employees. Rosario Sánchez brandished and discharged a firearm during the robbery, and the employee died as a result. On January 11, 2018, El Invader was engaged in a food business in interstate commerce and in an industry that affected interstate commerce.

On January 13, 2018, Nycole Amaury Rosario Sánchez, aiding and abetting others and being aided and abetted by them and with the intent to cause serious bodily harm, carjacked a red and white all-terrain KTM 450 motorcycle at a Puma gas station in Santurce. During that incident and as part of the plan known beforehand to Rosario Sánchez, he and a co-conspirator knowingly brandished firearms, and Rosario Sánchez discharged his firearm. The driver died as a result of shots that were fired. Prior to January 13, 2018, the motorcycle had been transported, shipped or received in interstate or foreign commerce.

On January 14, 2018, Nycole A. Rosario Sánchez, aiding and abetting others and being aided and abetted by them, robbed money from a food business called Tripletas Mixtas Ruiz in Cidra, Puerto Rico. Rosario Sánchez and his co-conspirators stole money from the business by means of actual and threatened force, violence, and fear of injury against the employees. Rosario Sánchez and a co-conspirator brandished and discharged firearms during the robbery. One employee died from gunshot wounds, while other employees were wounded from the shots. On January 14, 2018, Tripletas Mixtas Ruiz was engaged in a food business in interstate commerce and in an industry that affected interstate commerce.

On January 14, 2018, Nycole Amaury Rosario Sánchez, aiding and abetting others and being aided and abetted by them and with the intent to cause serious bodily harm, carjacked a 2010 gray Toyota Tacoma, with license plate HNC-163 and VIN: JA4A53AX1AZ000270 at Cidra, Puerto Rico. During that incident and as part of the plan known beforehand to Rosario Sánchez, at least one of the assailants

knowingly brandished a firearm. At least one of the assailants (not Rosario Sánchez) shot the driver of the Toyota Tacoma, resulting in his death. Prior to January 14, 2018, the vehicle had been transported, shipped or received in interstate or foreign commerce.

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical evidence and documentary evidence, which would have proven beyond a reasonable doubt Defendant's guilt.

At trial, the United States would have proven beyond a reasonable doubt that defendant Nycole Amaury Rosario Sánchez is guilty as charged in all of the counts of the Information. Discovery was timely made available to Defendant for review.

_____
Jonathan Gottfried
Assistant U.S. Attorney
Dated: 3/29/22

_____
Laura Maldonado Rodríguez, Esq.
Counsel for Defendant
Dated: 5/27/2022

_____
Nycole Amaury Rosario Sánchez
Defendant
Dated: 5/27/2022